# Hewlett, Schwarz & Co. *v.* Alexander.

*Action on Common Count for Work and Labor, with Special
Count on Contractor's Lien.*

1. *Breach of contract, and waiver thereof; rescission.*—Under a con-
tract by which plaintiff undertook to furnish materials and build a
house for defendant at a specified price, to be paid as the work pro-
gressed on the certified estimate of the supervising architect, the de-
fendant's failure to make partial payments on the certified estimates is
a breach of the contract, but is waived by plaintiff's consent to wait
for the money, and continuing to perform the work; and if the plaintiff
himself violates the stipulations of the contract by furnishing materials
and work of an inferior quality, and fails to correct the resulting de-
fects, after repeated requests and promises to do so, the defendant may
discharge him, and treat the contract as annulled and rescinded, not-
withstanding the breaches on his part which had been thus waived.

2. *Contract for construction of building; completion by owner, on de-
fault of contractor.*—On a contract for furnishing the materials and
building a house, containing a stipulation that, on default by the con-
tractor, and after notice to him, the owner might himself complete the
building, deducting the expenses from the stipulated price, or the
unpaid residue thereof, and accounting to the contractor only for the
excess; if the expenses incurred in completing the house exceed the
balance due to the contractor, no action lies in his favor.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by John G. Alexander, against
the appellants as partners, to recover an alleged balance due
for materials furnished and work done by plaintiff in erecting
a large brick building for defendants in the city of Birming-
ham; and was commenced on the 21st October, 1887. The
complaint contained the common count for materials fur-
nished and work and labor done, and a special count which
sought to enforce a contractor's lien on the property. The
defendants pleaded the general issue, payment, set-off, and
recoupment of damages; and issue was joined on these sev-
eral pleas. The cause being submitted to the court without
a jury, judgment was rendered for the plaintiff, for $958.20,
and a statutory lien on the building declared in his favor.
The defendants excepted to the decision and judgment of
the court, and they here assign it as error. The material
facts, as found by this court, are stated in the opinion.

13

[Hewlett, Schwarz & Co. v. Alexander.]

FEAGIN & WILKERSON, for appellants, cited Bish. Contracts, § 829; *Brigham v. Carlisle*, 78 Ala. 243; 30 N. W. Rep. 446; *Smith v. Brady*, 17 N. Y. 179, or 72 Amer. Dec. 442; *English v. Wilson*, 34 Ala. 201; *Allen v. McKibben*, 5 Mich. 455; 26 Mich. 473; 7 Pick. 181, or 19 Amer. Dec. 268, and notes; *Bragg v. Bradford*, 33 Vt. 35; *Dyer v. Jones*, 8 Vt. 205.

MOUNTJOY & TOMLINSON, *contra*, cited *Canal Co. v. Gordon*, 6 Wall. 561; *Railroad Co. v. Howard*, 13 How. 343; *U. S. v. Peck*, 102 U. S. (12 Otto), 64.

McCLELLAN, J.—This case was tried by the judge below, without jury, under section 12 of the act of December 9, 1884, establishing the City Court of Birmingham, which makes it our duty on appeal to review "the conclusions and judgment of the (city) court on the evidence." Upon a consideration of the whole evidence, we are led by a preponderance of testimony to the following conclusions: 1. That appellants committed breaches of their contract on the 1st and 8th days of October, 1887, in failing to pay the estimates of work done and materials furnished by appellee, as certified to them by the supervising architect. 2. That the breach of October 1st was waived by appellee's consent to wait for the money until Hewlett's return, and his continuing to perform the contract. 3. That the breach of October 8th was waived by appellee's tacit assent to further delay in the payment of the estimates, and continued performance of the contract. 4. That there were breaches of the contract on the part of appellee, prior to October 1st, with respect to the kind and quantity of material supplied by him, the manner of its use, and the character of work done in the construction of the house. 5. That these breaches of the contract were not waived by appellants, but that they at all times insisted on appellee's remedying the defects resulting from them, and upon his final refusal to do so—after having all the while previously promised to correct them—they discharged him, and annulled the contract, as by stipulations in the contract itself they were authorized to do, upon his failure and refusal to comply with its terms.

The contract being thus rightfully terminated before the completion of the building, the rights and interests of the parties are to be determined in accordance with the stipulations entered into by them with respect to this contingency.

These stipulations are as follows:   Upon the termination of
the contract "all claim of the contractor, his executors, ad-
ministrators; or assigns shall cease; and the proprietor may
provide materials and workmen sufficient to complete the
said works, after giving forty-eight hours notice, in writing,
directed and delivered to the contractor, or at his residence,
or place of business; and the expense of the notice and the
completing of the various works will be deducted from the
amount of contract, or any part of it, due or to become due
to the contractor. . . . . . . But, if any balance on the
amount of this contract remains after completing in respect
to the work done during the time of the defaulting con-
tractor, the same shall belong to the persons legally repre-
senting him; but the proprietor shall not be liable or account-
able to them in any way for the manner in which he may
have gotten the work completed."

The appellants completed the building, under the right to
do so given by these provisions of the contract, at an aggre-
gate outlay, including payments made to appellee and others
before the termination of the contract, of $21,178.50.   It
was satisfactorily shown that the expenditure of this sum, even
with some modifications of the original plans which lessened
the cost of the work, was reasonable and necessary.   The
contract price fixed in the original agreement was $19,514.
It was claimed by appellee that the cost of rebuilding a part
of the wall, which gave way without fault of his, should be
added to this sum.   This item was $242, and allowing his
claim in that particular the total contract price was $19,756.
It is apparent, therefore, that there was no balance of the
amount which was due, or could under any circumstances
have become due to appellee, remaining after the completion
of the work by appellants.   On the contrary, the payments
by the proprietors exceeded to the extent of $1,422.50 the
greatest sum that appellee would have been entitled to under
the contract had he fully performed it.   On this state of
proof, if we are to give any effect to the language of the con-
tract—if the court is to be governed at all by the agreement
which the parties themselves made, and as to the true intent
and meaning of which there can be no doubt—the plaintiff
below was not entitled to recover in this action.

The judgment below must be reversed, and the cause
remanded.